UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

MOHAMMED SAYEED MAHMOOD,                :

                    **Plaintiff,**       : Civil Action No. <u>21-cv-01772</u>

   VS.                                     : Judge's Initials _____

                                       :

U. S. DEPARTMENT OF HOMELAND SECURITY   : Jury Demand? <u>No</u>

                  **Defendant,**       :

# C O M P L A I N T

Plaintiff exhausted all of the available administrative remedies, and believe that he is entitled to a remedy that has not been resolved and addressed by Defendant. Plaintiff believes that all material to this action is not by any means delusional, mentally ill, irrational, nor paranoid.

# PARTIES

**Plaintiff:**   MOHAMMED SAYEED MAHMOOD

**Address:**   9-4-86/89, FLAT #201, KHAN TOWER

SALARJUNG COLONY

HYDERABAD, TELANGANA, 500008, INDIA

Phone# 91-7680964323 (India) | 1-518-250-1893 (USA)

Email: mdsayeedm@gmail.com

USCIS Alien# XXX XXX 056 | SSN# XXX-XX-1077

**Defendant:** U. S. DEPARTMENT OF HOMELAND SECURITY

**Address:** OFFICE OF THE GENERAL COUNSEL

U. S. DEPARTMENT OF HOMELAND SECURITY

2707 MARTIN LUTHER KING JR. AVE, SE

MAIL STOP 0485

WASHINGTON, DC 20528-0485

Phone# 202-282-8000 / 202-282-9822

Email: OGC@hq.dhs.gov

# BACKGROUND

1. Plaintiff is an Indian national Software professional currently residing in India.

2. In Feb 2000, Plaintiff first visited the United States. His last visit to US is in July 2016.

3. Plaintiff lived in several cities in the United States viz, Indianapolis, IN (Feb 2000 – Feb 2001), Pitsburgh, PA (Mar 2001 – June 2001), Columbus, OH (July 2001 – Feb 2002), Albany, NY(Feb 2002 – Dec 2010), Orlando, FL (Sep 2011 – Dec 2011), and Hartford, CT (Dec 2011 – July 2016).

4. Between Feb 2002 – Dec 2010, Plaintiff worked with multiple US employers to work with the same client, i.e., "Division of Disability Determinations (DDD)" of NYS Office of Temporary and Disability Assistance (NYS OTDA/DDD), in Albany, NY.

5. Since the beginning of Plaintiff's stay in the United States i.e., Feb 2000, Plaintiff and his family was suffering with strange frequent mental/physical health issues. Over the years, Plaintiff's family sought medical help for their various health conditions and had number of tests/procedures done. Surprisingly, every test/procedure result would never show any major diseases, but their health issues would never get better.

6. During Feb 2000 – Mar 2013, Plaintiff had uncountable Doctor's visits of various specialties for his frequent strange mental/physical sicknesses and several times rushed to the Emergency Room after experiencing life-threatening sicknesses.

7. During Dec 2011 – April 2012 and Feb 2013 – Mar 2013, Plaintiff was employed by HTC Global Services, Inc. of Troy, MI to work with their client Aetna, Inc. Hartford, CT. This was Plaintiff's last employment in the United States that ended in Mar 2013.

## STATEMENT OF FACTS

1. Between Feb 2000 – Date, Defendant is unlawfully engaged in wrongful conduct using directed energy and microwave weapons; as well as "Satellite or Radar-Based Through-the-Wall Surveillance System" that emit low radiations and electric current for mind control and to harm, torture the Plaintiff.

2. Between Feb 2000 – Date, Defendant personnel are non-stop engaged in wrongful conduct causing harm and torture by targeting remotely using electronic radiations, electronic harassment, electric shocks, mind control, and brainwashing techniques.

3. Between Feb 2000 – Date, Defendant is inducing painful dreams, hear to sound, see flash images and create strange uncountable mental and physical sicknesses enough to disable the Plaintiff.

4. In December 2010, due to Defendant's intensed electronic harassment, electronic surveillance, and stalking/surveillance activities at his workplace and in the city, Plaintiff unable to work and quit his employment while he was working at NYS-OTDA/DDD in Albany.

5. Between 2005 – 2014, Defendant imposed organized stalking inside and outside of Plaintiff's workplace(s) at NYS-OTDA/DDD & Aetna, around the home, and in the city.

6. During 2007 – 2009, Defendant personnel intentionally delayed approval and denials of Plaintiff's immigration documents without giving any reason.

7. By June 2010, a Defendant personnel posing as "needy person" stalked outside Plaintiff's workplace NYS-OTDA/DDD and contacted Plaintiff to pay $30 for him to go to New York City. To Plaintiff's surprise, the Defendant personnel (or stalker) was seen monitoring him in the mosque next day. More shockingly, he was the same Defendant personnel (or stalker) who monitored/stalked the Plaintiff between Jan 2005 – Dec 2006 around his home at 56 West St. Albany, NY.

8. In April 2010, Defendant personnel installed camera at Plaintiff's workplace NYS-OTDA/DDD directly focusing his only work area for surveillance purpose.

9. By Sept 2010, Plaintiff learned his phone line(s), emails, and movement is being monitored by Defendant personnel while working at NYS-OTDA/DDD, Albany, NY.

10. By Oct 2010, a Defendant personnel posing as "stalker" contacted the Plaintiff at his workplace NYS-OTDA/DDD. The stalker was behaving with stupidity and asked the Plaintiff "If he was the same person running across the street the other day?".

11. In Oct 2010, Plaintiff's wife called at his work number to bring milk from BJ's. When Plaintiff was in BJ's, Defendant personnel (stalker) was already inside the BJ's bringing milk in his cart gestured and smiled at Plaintiff from the opposite direction. That day Plaintiff learned that his work phone line was being monitored.

12. In Nov 2010, Defendant personnel (two stalkers) conducted an organized stalking toward Plaintiff's at his workplace NYS-OTDA/DDD. The stalkers intentionally broke

the oven and put a note to use the oven located in another kitchen area. As per stalkers plan, when Plaintiff reached the second kitchen area, stalkers contacted Plaintiff by taking his name that shocked Plaintiff, as how come these strangers (stalkers) knows his name? These were the same stalkers (Defendant personnel), Plaintiff seen them monitoring/stalking him earlier.

13. Between Jan 2008 – Dec 2010, Plaintiff experienced position demotion and his work assignment was dictated and reduced by Defendant personnel at his workplace at NYS-OTDA/DDD, Albany, NY.

14. In Dec 2010, Plaintiff became disabled and quit working at NYS-OTDA/DDD to go to his country, India to seek alternate remedies for his health issues. Around the same time, Plaintiff's Manager Robert Maloy smilingly told the Plaintiff "They (US Federal agents) will catch you while leaving the country".

15. In Dec 2010, due to (wrongful) instilling fear tactics of Defendant personnel, Plaintiff's family departed the United States in a hurry to their home country India, that made Plaintiff's spouse lose immigration status to the United States.

16. During Jan 2011 - Date, Defendant together with Indian authorities conducting stalking/surveillance, organized police stalking, phone lines tapping, electronic surveillance, along with Cyberstalking, Cyberbullying, and Cyber Harassment activities against Plaintiff.

17. During Jan 2011 – Date, Defendant repeatedly issued cyber threat to harm, kill, induce sicknesses, and send Plaintiff's explicit images and videos. Also, Defendant is targeting electronic communication to Plaintiff's email inboxes, WhatsApp account, Phone line(s) (India & US), Phone messages, and Instant Messaging/Chat etc.

18. During Dec 2011 – Apr 2011 and Feb 2013 – Mar 2013, Plaintiff worked twice at Aetna, Inc, Hartford, CT. Both the time, Plaintiff unable to work and quit the employment due to sudden severity in his illness caused by Defendant personnel's electronic harassment, as well as Defendant's organized stalking at work.

19. During Dec 2011 – Apr 2011 and Feb 2013 – Mar 2013, Defendant personnel dictated/reduced work assignments and conducted organized stalking within Aetna.

20. During Jan 2004 – Mar 2013, Defendant personnel collaborated with Plaintiff's workplace(s) officials at NYS-OTDA/DDD and Aetna, to create hostile work environment for Plaintiff. Defendant personnel stalked, contacted, discriminated, harassed, defamed, monitored/spied, and instilled fear tactics against Plaintiff at his workplace(s), around the home, and in the city.

21. During 2008 – 2013, Defendant personnel collaborated with Plaintiff's workplace(s) officials at NYS-OTDA/DDD, Albany, NY and Aetna, Inc. Hartford, CT to dictate and reduce his work assignment.

22. In Apr 2012 and March 2013, Defendant personnel collaborated with Plaintiff's workplace officials at Aetna, Inc. Hartford, CT to made him lose employment.

23. In May 2013, Defendant personnel filmed Plaintiff in front of his place of residence at 20 Hungerford St. Hartford, CT.

24. During 2007 – 2016, Defendant personnel frequently showed unwelcomed conduct and used instilled fear tactics by collaborating with CBP, FBI, and Indian Officials to discrminate and harass Plaintiff through extensive questioning and baggage checking at Indian and U.S airport entry/exit points.

25. From Jan 2011 – Date, Defendant collaborating with Indian authorities to disallow Plaintiff's employment in India. Plaintiff's Indian phone line(s) are tapped and information from his phone line(s) are used for Cyberstalking and Cyber harassment.

26. From Jan 2011 – Date, Plaintiff is experiencing Cyberstalking, Cyberbullying, and Cyber Harassment activities. Cyber stalkers inciting Plaintiff for money transfer scams and to apply to fraudulent applications to various US Government Benefit programs.

27. Between Jan 2011 – Date, Plaintiff had worked for only eleven (11) months. Plaintiff is unable to work in his ongoing disability due to wrongful action of Defendant. Plaintiff's years of unemployment and living outside the United States made him lose immigration status to the United States.

# CAUSES OF ACTION

# FIRST CAUSE OF ACTION

## ASSAULT / TORT

1. Plaintiff re-alleges all previous allegations that appear above.

2. Plaintiff is suffering from severe emotional distress and depression as a result of Defendant's electronic harassment, energy attacks, and use of weapons of mass destruction.

3. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

4. As a result, Plaintiff is disabled for life and suffering with irreparable damages.

5. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be

proven at trial.

6. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

## SECOND CAUSE OF ACTION

### STALKING / SURVEILLANCE

1. Plaintiff re-alleges all previous allegations that appear above.

2. Defendant personnel unlawfully committed stalking, followed, intimidated, harassed, and contacted Plaintiff.

3. As a result, Plaintiff suffered with emotional and mental distress, frightened, injury to feelings, shocks, and harassment.

4. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

5. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

## THIRD CAUSE OF ACTION

### ELECTRONIC SURVEILLANCE

1. Plaintiff re-alleges all previous allegations that appear above.

2. Defendant unlawfully targeting non-stop by conducting Cyberstalking, Cyberbullying, Cyber Harassing and threat activities; sending and revealing Plaintiff's Personal Identifiable Information (PII) to email inboxes and on web pages.

3. As a result, Plaintiff is in constant mental distress, and feels that, his personal

information about him and his family is not protected.

4. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

5. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

## FOURTH CAUSE OF ACTION

### INVASION OF PRIVACY

1. Defendant personnel unlawfully invading Plaintiff's privacy through electronic surveillance, phone line(s), and electronic communications tapping activities.

2. Actions of Defendant are willful, wanton, and in gross, and reckless disregard of Plaintiff's privacy rights violations.

3. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

4. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

## FIFTH CAUSE OF ACTION

### PAIN AND SUFFERING

1. Plaintiff re-alleges all previous allegations that appear above.

2. As a result, Plaintiff is constantly suffering with physical pain, mental suffering, loss of enjoyment of life, loss of quality of life, disfigurement, fright, shock,

    angered, terror, embarrassment, inconvenience, depression, grief, anxiety, humiliation, emotional distress, loss of companionship, and sexual dysfunction.

3. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

4. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

# SIXTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

1. Plaintiff re-alleges all previous allegations that appear above.
2. Defendant subjected Plaintiff unwelcome conduct by stalking, spying, camera & electronic surveillance, instilling fear, discriminate, harass, defaming.
3. Defendant created a hostile work environment for Plaintiff because of his religion and Indian origin.
4. Plaintiff multiple times quit and resigned from his position because of Defendant created unpleasant or hostile work conditions.
5. As a result, Plaintiff suffered constant fear, unable to focus at work, and in mental distress creating negative impact on the mental, emotional, and physical health.
6. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.
7. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

# SEVENTH CAUSE OF ACTION

### DEFAMATION

1. Plaintiff re-alleges all previous allegations that appear above.

2. Defendant repeatedly damaged Plaintiff's good image by collaborating at his workplaces to conduct unlawful stalking and surveillance activities against him.

3. Plaintiff compelled to quit his employment under unhealthy working conditions imposed by Defendant that made employer angered and loss to the client's project.

4. As a result, Plaintiff's suffered bad reputation among employer, client, and colleagues.

5. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

6. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

# EIGHTH CAUSE OF ACTION

### DISCRIMINATION

1. Plaintiff re-alleges all previous allegations that appear above.

2. Defendant discriminated against Plaintiff by delaying and denying his immigration documents on the basis of his religion and Indian nationality.

3. As a result, Plaintiff suffered humiliation, mental distress, and injury to his feelings.

4. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be

proven at trial.

5. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

## NINETH CAUSE OF ACTION

### HARASSMENT

1. Plaintiff re-alleges all previous allegations that appear above.

2. Plaintiff is facing non-stop harassment through cyberstalking, cyberbullying, and electronic surveillance activities.

3. Defendant through Indian authorities is harassing Plaintiff through stalking and imposing electronic surveillance and electronic harassment.

4. As a result, Plaintiff is constantly suffering with mental distress.

5. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

6. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

## TENTH CAUSE OF ACTION

### DEMOTION / REDUCTION OF JOB RESPONSIBILITIES

1. Plaintiff re-alleges all previous allegations that appear above.

2. Defendant dictated Plaintiff's employment contract at his workplace by demoting him from Architect to Programmer position.

3. Defendant dictated and reduced his work assignment and responsibilities.

4. As a result, Plaintiff suffered monetary losses because of demotion, and deprived from professional growth.

5. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

6. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

# ELEVENTH CAUSE OF ACTION

## LOST WAGES

1. Plaintiff re-alleges all previous allegations that appear above.

2. Defendant's wrongful conduct of stalking and surveillance activities made Plaintiff unable to work, disabled for life, and has lost his ability to work.

3. As a result, Plaintiff sustained severe economic injuries by losing wages.

4. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

5. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

# TWELVETH CAUSE OF ACTION

## VIOLATION OF EMPLOYMENT RIGHTS

1. Plaintiff re-alleges all previous allegations that appear above.

2. Defendant collaborating with Indian authorities taking adverse employment action to

deprived the Plaintiff from employment opportunities in India.

3. As a result, Plaintiff has suffered violation of employment rights.

4. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

5. Defendant unlawful actions are intentional, willful, malicious, and done with reckless disregard to Plaintiff's rights.

## THIRTEENTH CAUSE OF ACTION

### VIOLATION OF IMMIGRATION RIGHTS

1. Plaintiff re-alleges all previous allegations that appear above.

2. Defendant personnel discriminated and harassed by intentionally delaying and denying immigration documents without any reasons.

3. As a direct, legal, and proximate result of the surveillance, Plaintiff has sustained severe economic and emotional injuries, resulting in damages in an amount to be proven at trial.

4. As a result, Plaintiff suffered mental distress and injury to feelings.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff request(s) that this Court grant the following relief:

1) For urgent interim funds for immediate family and medical expenses;

2) For immediate relief from ongoing electronic harassment, mind control, suveillance, cyberstalking, and cyber harassment activities;

3) For restoring immigration status (Permanent Residence Status) for himself;

4) For restoring immigration status (Permanent Residence Status) for his spouse

5) For reinstatement of employment by providing job offer;

6) For lost wages, penalties, and all other compensation lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

7) For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

8) For punitive damages in an amount to be determined at trial;

9) For liquidated damages;

10) For award of permanent disability status to Plaintiff;

11) For an order enjoining defendant from engaging in unlawful acts complained of herein;

12) For such other and further relief as this Court seems just and proper.


Plaintiff request **EXPEDITE ACTION** on the Complaint due to an ongoing extreme emergency.


Plaintiff declare under penalty of perjury that the statements above are true to the best of his information, knowledge, and belief.


**July 8th, 2021**

_____
**Mohammed Mahmood, Plaintiff**
1-518 250 1893 | +91-7680964323
mdsayeedm@gmail.com