

FILED

8/4/2021

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MOHAMMED SAYED MAHMOOD,          )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          Civil Action No. 21-1772 (UNA)
                                 )
                                 )
DEPARTMENT OF                    )
HOMELAND SECURITY,               )
                                 )
          Defendant.             )

## <u>MEMORANDUM OPINION</u>

This matter, brought *pro se*, is before the Court on Plaintiff's third Amended Complaint, ECF No. 6, and Application to proceed *in forma pauperis*, ECF No. 2. The Application will be granted, and the case will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff "is an Indian national Software professional currently residing in India." Am. Compl. ¶ 1. He sues the U.S. Department of Homeland Security for a host of wrongs dating from February 2000, when he "first visited the United States," to July 2016, when he last visited. *Id.* ¶ 2. While in the United States, Plaintiff lived in several cities and from February 2002 to December 2010 "worked with multiple US employers to work with the same client, i.e., 'Division of Disability Determinations (DDD)' of NYS Office of Temporary and Disability Assistance (NYS OTDA/DDD), in Albany, NY." *Id.* ¶¶ 3–4. Plaintiff's last employment in the United States with "HTC Global Services, Inc. of Troy, MI to work with their client Aetna, Inc. Hartford, CT." ended in March 2013. *Id.* ¶ 7. Plaintiff alleges that from the beginning of his stay in the United States, he and his family suffered "with strange frequent mental/physical health issues. Over the

years, [his] family sought medical help for their various health conditions and had number of tests/procedures done. Surprisingly, every test/procedure result would never show any major diseases, but their health issues would never get better." *Id*. ¶ 5.

Plaintiff alleges that since 2000, Defendant has "unlawfully engaged in wrongful conduct using directed energy and microwave weapons; as well as 'Satellite or Radar-Based Through-the-Wall Surveillance System' that emit low radiations and electric current for mind control and to harm, torture the Plaintiff." *Id*. at 3 ¶ 1. The allegations continue in this fashion. *See id*. at 4-5. For example, "[i]n December 2010, due to Defendant's intensed [sic] electronic harassment, electronic surveillance, and stalking/surveillance activities at his workplace and in the city, Plaintiff [became] unable to work and quit his employment while he was working at NYS-OTDA/DDD in Albany." *Id*. ¶ 4.

Apart from the "non-stop" mind control, stalking, "Cyberstalking, Cyberbullying, and Cyber Harassment," *id*. at 3 ¶ 2, 5 ¶¶ 16–17, Plaintiff alleges that "[d]uring 2007 – 2009," when supposedly he was living and working in the United States, "Defendant personnel intentionally delayed approval and denials of [his] immigration documents without giving any reason." *Id*. at 4 ¶ 6. He also accuses Defendant of "collabora[ting]" with his former non-federal employers "to dictate and reduce his work assignment" and "to [make] him lose employment," *id*. at 6 ¶¶ 21–22, and "with Indian authorities" to, among other things, "disallow Plaintiff's employment in India," *id*. ¶ 25. Allegedly, "Plaintiff's Indian phone line(s) are tapped and information from his phone line(s) are used for Cyberstalking and Cyber harassment." *Id*. ¶ 25.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992)

("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").  The instant Complaint satisfies this standard.  Therefore, this case will be dismissed with prejudice.  A separate order accompanies this Memorandum Opinion.


DATE:  August 4, 2021

_____

CARL J. NICHOLS
United States District Judge